IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| ANGELA SATOR, | * |
| Plaintiff, | * |
| v. | *    Case No.: GJH-14-02984 |
| WA-WA CORPORATION, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This is a negligence action brought by Plaintiff Angela Sator ("Plaintiff") against Defendant Wa-Wa Corporation ("Defendant") arising from injuries sustained by Plaintiff after she fell while shopping at Defendant's convenient store.  This Memorandum and accompanying Order address Defendant's Motion to Dismiss (ECF No. 10) and Plaintiff's Opposition thereto (ECF No. 12). The Court finds that a hearing is unnecessary in this case.  *See* Local Rule 105.6. For the reasons stated below, Defendant's Motion to Dismiss is DENIED.

**I.    BACKGROUND**

On February 12, 2014, Plaintiff was shopping at Defendant's convenient store at 163 Crain Highway, Upper Marlboro, Maryland. *See* ECF No. 2 at ¶ 5. While shopping, Plaintiff slipped and fell on uneven and unmarked steps causing her to hit her head, limbs, and body. Immediately after her fall, Plaintiff went to the hospital where she was diagnosed with a torn meniscus and multiple contusions on her arm, neck, legs and body. *See id.* at ¶ 7. Ultimately, Plaintiff filed a negligence action against Defendant in the Circuit Court of Maryland for Prince

George's County. *See* ECF No. 1. Defendant removed that action to this Court (*see id.*) and filed a motion to dismiss for failure to state a claim (*see* ECF No. 10). That motion is now before the Court.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## III.    DISCUSSION

"[F]or a plaintiff to state a prima facie claim in negligence, he or she must allege facts demonstrating (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Remsburg v.*

*Montgomery*, 376 Md. 568, 831 A.2d 18, 26 (2003). For purposes of a motion to dismiss, Plaintiff has satisfied this initial pleading burden.

First, Plaintiff has adequately alleged that Defendant was under a duty to protect Plaintiff from injury. Specifically, Plaintiff has alleged that she was a business invitee at Defendant's store when she was injured. *See* ECF No. 2 at ¶¶ 2-5; 10-11. Under Maryland law, a "storekeeper owes his business invitee the duty to maintain his premises in a reasonably safe condition and to warn of latent defects or, stated somewhat differently, the duty of reasonable care for the protection of the business invitee." *Tucker v. KFC Nat. Mgmt. Co.*, 689 F. Supp. 560, 562 (D. Md. 1988) *aff'd*, 872 F.2d 419 (4th Cir. 1989). Defendant, a storekeeper, was therefore under a duty to protect Plaintiff from injury.  Second, Plaintiff has adequately alleged that Defendant breached its duty to protect her from injury by " (i) failing to properly maintain the stair[] ramp in such condition that [Plaintiff] would not be subjected to an unreasonable risk of injury; (ii) failing to properly inspect the stairs for defective or dangerous conditions that posed an unreasonable risk of injury; (iii) failing to properly correct the defective or dangerous condition that posed an unreasonable risk of injury; (iv) failing to advise [Plaintiff] of the dangerous or defective condition which [Defendant] knew, or through the exercise of reasonable care, should have known existed; and (v) failing to adequately mark and design said handicap ramp." ECF No. 2 at ¶ 12. Third, Plaintiff has adequately alleged that she was injured (s*ee id.* at ¶¶ 7, 14) and, fourth, that those injuries were proximately caused by Defendant's failure to adequately maintain its premises (*see id.* at ¶ 15). Plaintiff has therefore alleged a prima facie claim for negligence against Defendant. Defendant's motion to dismiss must be denied.

## IV.    CONCLUSION

For the reasons discussed, Defendant's Motion to Dismiss (ECF No. 10) is DENIED. A separate Order follows.

Dated: <u>November 5, 2014</u>                                    <u>      /S/                        </u>
George Jarrod Hazel
United States District Judge